**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Adefemi Adeyemo, a/k/a | ) | |
| Adekunle Olufemi Adetiloye, | ) | |
| | ) | |
| Petitioner, | ) | **OMNIBUS ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:22-cv-181 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-cr-90 |
| | ) | |
| Michael Adefemi Adeyemo, a/k/a, | ) | |
| Adekunle Olufemi Adetiloye, | ) | |
| | ) | |
| Defendant. | ) | |

Petitioner Michael Adefemi Adeyemo moves to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 187. The United States opposes the motion. Doc. 204. After careful review, the motion is denied in part and an evidentiary hearing is ordered on two remaining issues.

## I.     BACKGROUND

In 2001, Adeyemo and two others were charged in California with operating a fraud scheme. United States v. Adeyemo, No. 8:01-cr-75 (C.D. Cal. filed May 9, 2001). Adeyemo left the country before he could be arrested. By late 2003, he lived in Canada under the false name and identity of Adekunle Olufemi Adetiloye. He applied for refugee status in Canada using the new name and false biographical information. In 2008, a grand jury in this District returned an

indictment alleging fraud-scheme charges against Adeyemo under his false name. United States v. Adetiloye, No. 3:08-cr-28 (D.N.D. Mar. 19, 2008).

In 2010, Canada extradited Adeyemo to the United States, where he later pleaded guilty and was sentenced in North Dakota as Adetiloye. In 2014, the government realized Adetiloye and Adeyemo were the same person. In 2018, a jury found Adeyemo guilty on four counts of obstruction of justice, in violation of 18 U.S.C. § 1503, for providing or affirming false identifying information to the District of North Dakota with the intent to mislead the court and to prevent the Central District of California from discovering his location. These convictions were affirmed on appeal. See United States v. Adeyemo, 819 F. App'x 469, 470 (8th Cir. 2020).

On October 21, 2022, Adeyemo filed this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, alleging various forms of ineffective assistance of counsel related to his convictions in Case No. 3:15-cr-90. Doc. 187.

## II.      LEGAL STANDARD

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)).

To obtain relief on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, a petitioner must establish constitutionally deficient representation, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929

F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts view the representation from counsel's perspective at the time of the alleged error to avoid the effects of hindsight and second-guessing. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 489). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after a thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

To satisfy the second prong, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at 694). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (citing Strickland, 466 U.S. at 495). Where a petitioner raises multiple ineffective assistance of counsel claims, each claim must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002) (citing Wainwright v. Lockhart, 80 F.3d 1226,

1233 (8th Cir. 1996)). Cumulative error will not justify habeas relief. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

A § 2255 motion may be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is committed to the discretion of the district court. See id.

## III.   DISCUSSION

Adeyemo asserts his counsel was ineffective and that the ineffective representation caused him prejudice. In support of this argument, he raises a plethora of issues that can be logically categorized as follows: (1) pretrial issues; (2) trial issues; (3) sentencing issues; and (4) appeal issues.

### A.   Pretrial Issues

Adeyemo asserts his counsel was deficient during the pretrial stage of his representation for the following reasons: (1) conflict of interest; (2) failure to reasonably investigate several issues related to the case; (3) failure to investigate potential witnesses; and (4) deficient legal advice. The United States opposes these assertions.

#### 1.   Conflict of Interest

Adeyemo argues that his counsel's attempt to withdraw from his case created a conflict of interest and resulted in deficient representation. Doc. 213 at 7-11. An attorney who seeks to withdraw from representation, but ultimately remains on as counsel, is not (in isolation)

ineffective. See e.g., Meza-Lopez v. United States, 929 F.3d 1041, 1045 (8th Cir. 2019). That isolated fact does not show that the representation fell below an objective standard of reasonableness.

Further, Adeyemo only states in conclusory fashion that the purported conflict of interest caused him prejudice. Doc. 213 at 11-12. Conclusory allegations are claims that lack factual specificity. See Allen v. Entergy Corp., 181 F.3d 902, 905-06 (8th Cir. 1999); see also Berg v. Norand Corp., 169 F.3d 1140, 1146 (8th Cir. 1999). Conclusory allegations are insufficient to grant relief. See e.g., Munz v. Parr, 758 F.2d 1254, 1259 (8th Cir. 1985) (conclusory or non-specific factual allegations insufficient, even for a pro se party). Because Adeyemo has not specified how the motion to withdraw caused him prejudice, the claim fails under Strickland for lack of prejudice as well.

### 2.     Failure to Reasonably Investigate

Adeyemo also argues that counsel was deficient for failure to reasonably investigate the following issues: (1) the interplay between his prior fraud case and obstruction of justice charges; (2) his refugee status; (3) potential mitigating circumstances; (4) an aiding and abetting jury instruction; (5) the potential for a pre-trial motion to inspect records related to jury selection; (6) potential Fifth Amendment issues; (7) the "traditional culture" theory advanced at trial; and (8) the District of California's decision to not prosecute in a separate case. The United States opposes these assertions.

### a.     The interplay between Adeyemo's prior fraud conviction and obstruction of justice charges

Adeyemo argues that his counsel's failure to adequately investigate a prior change of plea transcript fell below the objective standard of reasonableness and caused him prejudice. Doc. 213 at 14-16. "Reasonable performance of counsel includes an adequate investigation of facts,

consideration of viable theories, and development of evidence to support those theories." Cagle v. Norris, 474 F.3d 1090, 1097 (8th Cir. 2007) (quoting Lyons v. Luebbers, 403 F.3d 585, 594 (8th Cir. 2005). While Adeyemo argues his attorney should have more thoroughly investigated this transcript, he has not articulated what this transcript would have revealed or how this would have changed the ultimate outcome of his trial. This is a conclusory allegation that is again subject to summary dismissal.

### b.    Issues related to refugee status

Adeyemo argues that counsel's failure to adequately investigate his refugee status fell below the objective standard of reasonableness and caused him prejudice. Doc. 213 at 16-19. He claims counsel would have uncovered additional legal defenses to the obstruction of justice charges if he had investigated why he was granted asylum in Canada. Nevertheless, Adeyemo has not identified exactly what exculpatory evidence would have been discovered by a more thorough investigation of the circumstances surrounding his refugee status in Canada under a false name. And it remains unclear how this purported information would have led to a different result at Adeyemo's trial, where he was convicted of providing false information to a federal district court. As such, this is a conclusory allegation that is subject to summary dismissal.

### c.    Potential mitigating circumstances related to international treaties

Adeyemo argues that counsel's failure to adequately investigate the circumstances of his extradition and rights under an international treaty fell below the objective standard of reasonableness and caused him prejudice. Doc. 213 at 19-20. Again, Adeyemo does not provide any concrete factual information in his allegation. Instead, he broadly asserts that a more thorough investigation of the extradition treaty in conjunction with his status as a refugee would have

changed the outcome of his trial. But without more, this is another conclusory allegation subject to summary dismissal.

### d.      Jury instructions

Adeyemo argues his counsel failed to request an aiding and abetting instruction. Doc. 213 at 20-23. Adeyemo, however, was the sole individual indicted on four counts of obstruction of justice and charged as the principal, so this claim is illogical. Additionally, even if an aiding and abetting instruction was appropriate, there is no prejudice because aiding and abetting an offense against the United States is punishable as if the defendant committed the underlying crime. See 18 U.S.C. § 2(a). Once again, the claim is subject to summary dismissal.

Adeyemo also argues throughout his briefing that an instruction on "mere presence" was appropriate, and that counsel failed to properly investigate the instruction or request it. This is contradicted by the record. See Doc. 163 at 11. The transcript of the pretrial conference reflects that counsel did request the "mere presence" instruction and the Court rejected it as inapplicable because there was no conspiracy charge. Id. Because there was no conspiracy charge, any failure to renew the request for a "mere presence" instruction was not deficient performance and did not cause Adeyemo any prejudice because this request was futile. See Thomas v. United States, 951 F.2d 902, 904-05 (8th Cir. 1991) (failure to raise a meritless issue does not constitute ineffective assistance).

### e.      Jury selection issues

While at times difficult to follow, Adeyemo appears to argue that counsel was deficient for not challenging the Court's process for selection of jurors. Doc. 213 at 23-25, 56-57. The Jury Selection and Service Act provides that individuals are entitled to "juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28

U.S.C. § 1861. The District of North Dakota randomly selects potential jurors from a list of individuals who voted in the most recent presidential election. United States v. Garcia, 674 F. App'x 585, 587 (8th Cir. 2016). This selection process has been upheld by the Eighth Circuit in several cases. Id.; United States v. Greatwalker, 356 F.3d 908, 911 (8th Cir. 2004); United States v. Morin, 338 F.3d 838, 843 (8th Cir. 2003). Given the well-settled nature of this issue, even if Adeyemo's attorney would have challenged the process, any motion would have lacked merit, and counsel is not deficient for failing to raise a meritless argument. See Thomas, 951 F.2d at 904-05. This allegation is therefore subject to summary dismissal.

**f.      Fifth Amendment theory of defense**

Adeyemo goes on to argue that counsel was ineffective for failing to properly investigate the Fifth Amendment strategy that was used at trial. Doc. 213 at 25-29. Adeyemo does not suggest he opposed the strategy prior to trial. Instead, he essentially argues that the strategy was so far below an objective standard of reasonableness that it must follow that counsel did not thoroughly investigate the strategy prior to trial.

Adeyemo must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "Some strategy decisions . . . are so unreasonable that they can support a claim of ineffective assistance of counsel." United States v. Villalpando, 259 F.3d 934, 939 (8th Cir. 2001). That being said, Adeyemo must also demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice is not shown if the evidence is so strong that the outcome of the case could hardly have been other than a verdict of guilty. Goeders v. Hundley, 59 F.3d 73, 77 (8th Cir. 1995).

A common theme throughout Adeyemo's briefing is his conflation of adequate representation with success. But this is not the Strickland standard. The Court is mindful that in some cases where the evidence is overwhelming against a defendant, counsel must make novel arguments in an attempt to advocate for their client. Here, it is unnecessary to examine whether counsel's investigation of his trial strategy was deficient because the evidence against Adeyemo was overwhelming.[1] Adeyemo has not presented any factual information that leads the Court to believe the outcome at trial would have been different if counsel had decided against pursuing the Fifth Amendment argument. As a result, the claim fails for lack of prejudice and can be summarily dismissed.

### g.      "Traditional culture" theory of defense

Adeyemo suggests his counsel was deficient for informing the jury that it is common in Nigeria (where Adeyemo is from) to have more than one name. Doc. 213 at 29-32. Again, the evidence in this case was overwhelming, and Adeyemo has not presented any factual information that leads the Court to believe the outcome at trial would have been different if counsel had decided against informing the jury about Nigerian naming conventions. As a result, the claim fails for lack of prejudice and can be summarily dismissed.

### h.      California case

Adeyemo goes on to argue his counsel was deficient for failure to investigate a related case in California, where the prosecutor chose not to pursue charges against him. Doc. 213 at 32-35. Even if taken as true, Adeyemo has not alleged how this would have led to the outcome at trial

---

[1] So overwhelming that the Eighth Circuit affirmed the sufficiency of the evidence without analysis under Eighth Circuit Rule of Appellate Procedure 47B. United States v. Adeyemo, 819 F. App'x 469, 470 (8th Cir. 2020).

being different other than stating so in conclusory fashion. Accordingly, summary dismissal is appropriate.

### 3.      Failure to Interview Witnesses

Next, Adeyemo suggests his counsel was deficient for failure to interview potential witnesses. Specifically, he asserts that Alicia Whitman and Matt Hoffman should have been interviewed prior to trial. Doc. 213 at 46-49. There is, however, "no per se rule that failure to interview witnesses constitutes ineffective assistance." Sanders v. Trickey, 875 F.2d 205, 209 (8th Cir. 1989). The analysis will turn on the facts of each individual case. Id.

Alicia Whitman testified against Adeyemo at trial. Adeyemo claims that a more thorough investigation would have revealed that Whitman suffers from bi-polar disorder and was on anti-depressants as well as anti-anxiety medication. Adeyemo then suggests this information would have damaged Whitman's credibility. On this record, however, the Court cannot reach this conclusion. While Whitman may, or may not, suffer from certain mental health issues, her testimony does not appear to have any discrepancies or problems that leads the Court to believe there were any genuine issues. Further, while Adeyemo suggests the outcome of his trial would have been different if counsel had investigated the purported mental health issues, he has failed to illustrate exactly why this would have been the case. The claim is summarily dismissed.

Matt Hoffman testified at trial that Adeyemo appeared to have falsified his paperwork related to his request for refugee status by claiming to be homosexual. While Adeyemo claims a more thorough investigation of Hoffman would have led to information supporting Adeyemo's claim that he needed refugee status due to his same-sex sexual orientation, it is not at all clear why this would be the case. It is also unclear why the failure to thoroughly interview a witness who

believed Adeyemo to be heterosexual would have led to a different outcome when Adeyemo's convictions involve false statements to the Court. The claim is summarily dismissed.

### 4. Advice to Reject Plea Deal and Proceed to Trial

Adeyemo argues his counsel was deficient by advising him to reject a plea agreement and proceed to trial. Doc. 213 at 52-53. What is more, Adeyemo suggests his counsel guaranteed him a not guilty verdict at trial. Id. at 52. Attorney Ron Hettich—Adeyemo's former counsel—submitted an affidavit disputing these accusations and stating he recommended Adeyemo accept a plea agreement. Doc. 205.

While quite skeptical of Adeyemo's claim that he was "guaranteed" a not guilty verdict and advised to reject a plea agreement, it is inappropriate to weigh creditability at this state of the proceedings. See Franco v. United States, 762 F.3d 761 (8th Cir. 2014); see also United States v. Sellner, 773 F.3d 927, 930 (8th Cir. 2014). An evidentiary hearing is necessary prior to making a credibility determination. See Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013) (a district court is not permitted to make a credibility determination on the affidavits alone).

### B. Trial Issues

### 1. Jury Selection

With the pretrial claims resolved, the next category of claims involve alleged issues at trial. Adeyemo argues he received ineffective assistance of counsel during jury selection. Doc. 213 at 56-61. He asserts a general dissatisfaction with counsel's jury selection and broadly challenges the racial makeup of the jury.

To the extent Adeyemo is suggesting counsel should have been more thorough in his examination of potential jurors, he has not explained how a more zealous approach to jury selection would have led to a different result. If Adeyemo is suggesting the representation was so deficient

that prejudice should be presumed, this argument fails as well. Adeyemo's counsel was active in questioning the jurors about their ability to treat Adeyemo fairly and ignore issues related to race, sexuality, and criminal history. Doc. 163 at 73-78. When counsel is present and active during the jury selection process, no prejudice can be assumed. See e.g., United States v. Kehoe, 712 F.3d 1251, 1254 (8th Cir. 2013). Lastly, to the extent Adeyemo is challenging the racial makeup of the jury, this argument has already been addressed. See supra, Section 3(A)(2)(e).

### 2.    Opening Statement

Adeyemo next contends his counsel provided ineffective assistance of counsel by not delivering an adequate opening statement. Doc. 213 at 61-64. The Court has reviewed the transcript of counsel's opening statement and observed no obvious deficiencies. He also argues that counsel was deficient for suggesting that the United States would not be able to meet its burden on one of the necessary elements for conviction. Doc. 213 at 61-62. But this was a strategic choice by counsel and not deficient performance. Adeyemo then suggests counsel conceded his guilt to the jury during the opening statement. Id. at 63-64. That claim is refuted by the record—nowhere in the transcript does counsel concede Adeyemo's guilt. Finally, Adeyemo has not explained how a different opening statement would have changed the ultimate outcome of his trial. As a result, he has not demonstrated prejudice. The claim is summarily dismissed.

### 3.    Jury Instructions

Adeyemo raises several challenges related to the jury instructions and the special verdict form, contending that his counsel was ineffective in securing appropriate instructions. As an initial matter, the sufficiency of the jury instructions and the failure to give a "nexus requirement" instruction were unsuccessfully challenged on appeal. United States v. Adeyemo, 819 F. App'x 469, 470 (8th Cir. 2020). Claims raised during a direct appeal cannot be revisited in a § 2255

motion. United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981). So, a claim on either of these issues is precluded. Adeyemo also revisits his argument that an aiding and abetting instruction should have been given. Doc. 213 at 68. Again though, because Adeyemo acted alone, it was not deficient for counsel not to suggest this instruction, and no prejudice resulted from the failure to request the erroneous instruction.

Adeyemo also argues that an unanimity instruction was not given, but this is contradicted by the record. Doc. 133 at 2. He also goes on to posit that counsel failed to object to the special verdict form, but this is again contradicted by the record. Doc. 165 at 509:21-510:4.

Next, Adeyemo suggests counsel should have proposed additional jury instructions based upon his "theory of defense." Id. at 67. Despite a significant number of pages being devoted to this argument, it is unclear what this purported instruction would have been, why it would have been appropriate under the circumstances, and how it would have changed the outcome of the trial. So, there is no deficient performance or prejudice shown. Similarly, Adeyemo also takes issues with counsel's lack of objection to the jury instructions. Id. at 74. But his counsel did object to the jury instructions and unsuccessfully challenged their sufficiency on appeal. Adeyemo, 819 F. App'x at 470. Additionally, Adeyemo has not elaborated as to what objection he believes was appropriate and how it would have changed the outcome of trial.  As such, the claim fails.

### 4.     Cross Examination

Adeyemo takes issue with his counsel's cross examination of witnesses Matt Hoffman and Alicia Whitman. Id. at 75, 78, 82. Cross-examination techniques, like other matters of trial strategy, are generally entrusted to the professional discretion of counsel. Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997). He offers no details beyond making a conclusory claim that cross examination was deficient. The Court reviewed the trial transcript and cannot identify any

deficiencies with counsel's performance. The claim is conclusory and there is no prejudice—the claim fails under Strickland.

### 5.     Failure to Object to Evidence

Adeyemo also alleges that counsel failed to object to the admission of "prejudicial and extraneous evidence." Doc. 213 at 76, 78. As an initial matter, relevant evidence is only inadmissible if it results in "unfair prejudice." See Fed. R. Evid. 403. Once again, Adeyemo offers no detail as to what evidence should have been objected to, what unfair prejudice resulted, and how any objection would have changed the ultimate outcome of his case. As such, the claim fails.

### 6.     Failure to Produce Mitigating Evidence

Adeyemo goes on to argue that counsel was deficient by failing to present mitigating evidence. Again though, matters of trial strategy are generally entrusted to the professional discretion of counsel. See Henderson, 118 F.3d at 1287. The majority of Adeyemo's argument lacks specificity as to what precisely counsel should have done and how it would have led to a different outcome. That said, he did submit the affidavit of Uloma Anyanwu in support of his motion. Doc. 217. In the affidavit, Anyanwu suggests they would have been willing to testify regarding Adeyemo's same-sex orientation. Id. at 3. Taking this affidavit and Adeyemo's briefing as true, he has alleged he was forced to flee Nigeria due to his sexual orientation and that counsel failed to investigate or present evidence concerning this issue. But Adeyemo has not said how providing this information to the jury would have led to a different result. Indeed, even if this evidence was introduced, the evidence was overwhelming to support the convictions. He has failed to articulate any prejudice, and the claim fails under Strickland.

### 7.     Failure to Secure Expert Witness

Adeyemo argues counsel was deficient for failing to secure expert testimony concerning immigration and asylum law. Doc. 213 at 84. He suggests this expert could have provided information related to his claim for refugee status in Canada. Again, however, none of this purported expert testimony would have addressed whether Adeyemo gave false identifying information. As such, the failure to secure an expert of immigration and asylum law was not deficient representation and was not prejudicial.

### 8.      Failure to File Meritorious Rule 29 and 33 Motions

Adeyemo next posits that counsel was deficient for failing to file meritorious motions under Federal Rule of Criminal Procedure 29 and 33. Doc. 213 at 85. Notably, counsel did make both of these motions, and the motions were denied. Doc. 143. The record decisively refutes this claim, and the claim fails.

### 9.      Closing Argument

Adeyemo goes on to assert that he received ineffective assistance of counsel during closing argument. Doc. 213 at 88-89. The issues he raises though all challenge strategic decisions of counsel and relate to trial strategy. See Guzman-Ortiz, 849 F.3d at 714 (noting the broad range of legitimate trial strategy at closing argument). Further, the Court has reviewed the transcript and found nothing deficient about counsel's closing argument. The claim is summarily dismissed.

### C.      Sentencing

For his next category of claims, Adeyemo argues his counsel was ineffective at sentencing. He alleges counsel was ineffective for failing to object to inaccuracies in the presentence investigation report ("PSIR), that he was convicted by the judge as opposed to the jury, that counsel failed to object to the base offense level, and that an unwarranted sentencing disparity should have been raised.

### 1.     Objections to the PSIR

Adeyemo first argues that counsel failed to sufficiently object to the disputed issues in the PSIR, and that the Court did not comply with Federal Rule of Criminal Procedure 32(c). Doc. 213 at 92-93. As to the claim that the Court failed to satisfy Federal Rule of Criminal Procedure 32(c), Adeyemo has not explained how the Court failed to satisfy the rule and the claim fails. Specifically as to the PSIR, Adeyemo alleges the document references an erroneous aiding and abetting conviction and an erroneous admission of guilt related to a different case. Id. at 92. The Court has reviewed the PSIR and neither allegation is an accurate reflection of what is stated in the PSIR, and the claim is summarily dismissed.

### 2.     Conviction by a Judge

Adeyemo alleges that he was erroneously convicted by a judge and not a jury (id. at 64), but does not elaborate in an understandable manner as to why he believes this to be true. As far as the Court can tell, Adeyemo claims he was entitled to more process. The record reflects that Adeyemo was convicted by the jury, and then sentenced by the district court in accordance with 18 U.S.C. §§ 3553 and 3582(a) and Federal Rule of Criminal Procedure 32. The record refutes any argument that Adeyemo was convicted by the judge. The claim fails.

### 3.     Base Offense Level

Adeyemo appears to argue that counsel should have objected to the base offense level or objected in a different manner. Id. at 100-02. The record reflects that counsel objected to the base offense level and argued for a 14, rather than a 30. Doc. 167 at 6-7. The Court disagreed and found that the proper base offense level was 30. Id. at 9. The record decisively refutes the claim, and it fails.

### 4.      Unwarranted Sentencing Disparity

Adeyemo claims counsel failed to argue against unwarranted sentencing disparities. Doc. 213 at 102-04. Despite this claim, he has not identified any "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See 18 U.S.C. § 3553(a)(6). Without a description as to what disparity existed that was omitted by counsel, the claim is conclusory and fails.

### D.      Appeal

The final category of claims relates to Adeyemo's appeal. He argues his counsel was ineffective during his appeal. Doc. 213 at 104-07. A criminal defendant is entitled to effective assistance of counsel during the appeal process. Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989). That said, the right to effective assistance "does not require that counsel raise every colorable or non-frivolous claim on appeal." Walker v. United States, 810 F.3d 568, 579 (8th Cir. 2016). To show ineffective assistance during the appeal process, Adeyemo must establish a reasonable probability that, but for appellate counsel's specific failure, the outcome of his appeal would have been different." Boysiewick v. Schriro, 179 F.3d 616, 621 (8th Cir. 1999) (emphasis added). Adeyemo asserts several issues he claims should have been raised but has not explained why these issues should have been raised with any level of detail or how raising these issues would have led to a different result. His claims are conclusory and are subject to summary dismissal.

### E.      Evidentiary Hearing

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). Said another way, no hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to

relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After careful review of all of Adeyemo's substantive § 2255 claims, the record decisively refutes the vast majority of the claims presented, or the allegations, even accepted as true, would not entitle him to relief. Dismissal without an evidentiary hearing on these claims is warranted because no relevant factual dispute exists. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015).

But on the two issues of (1) whether counsel "guaranteed" Adeyemo a victory at trial, and (2) whether Adeyemo was advised by counsel to turn down a plea agreement and proceed to trial, a relevant factual dispute exists, and an evidentiary hearing is required.

## IV.    ADDITIONAL MOTIONS

Adeyemo has also filed several motions related to his § 2255 claims: (1) motion to conduct discovery (Doc. 191); (2) motion for copies of unsealed records (Doc. 201); (3) motion for sanctions and judgment of default (Doc. 209); and (4) motion for judicial notice and leave to file an extended reply brief (Doc. 220).

### A.    Motion to Conduct Discovery

Adeyemo moves to conduct discovery (Doc. 191), seeking access to communications between the United States attorneys in California and the United States attorneys in North Dakota. The United States opposes the motion. Doc. 196. Rule 6 of the "Rules Governing Section 2255 Proceedings For The United States District Courts" provides that federal district courts can authorize parties to "conduct discovery" in connection with pending § 2255 motions. Rule 6 provides that discovery should be allowed only "for good cause." United States v. Basic, No. 1:18-

CR-125, 2020 WL 3979582, at *3 (D.N.D. July 14, 2020). "Good cause" requires specific allegations and an explanation as to how this information would lead to a different result. Bracy v. Gramley, 520 U.S. 899, 908 (1997).

Here, Adeyemo has made bare assertions that the communications between the United States Attorneys' Offices would assist him in proving his ineffective assistance claim, but he has not provided any information as to how this would assist his case. Adeyemo has not shown good cause for the materials he seeks, and the motion to conduct discovery (Doc. 191) is denied.

### B.     Motion for Copies of Unsealed Records

On January 26, 2023, the Court granted the United States' motion to unseal documents. Doc. 200. Per the Court's order, the United States received access to Adeyemo's former counsel's motion to withdraw. Id. Adeyemo then filed a motion requesting access to these documents as well. Doc. 201. As the Defendant, however, these documents were never sealed to Adeyemo, and he has never been prevented from accessing these documents. Accordingly, no motion is necessary to receive the documents and the Court finds as moot the motion for copies of unsealed records (Doc. 201).

### C.     Motion for Sanctions and Judgment of Default

Adeyemo's § 2255 motion raised numerous allegations of ineffective assistance of counsel on the part of his former trial and appellate counsel. Doc. 187. The United States then sought and received an order waiving attorney client privilege as to Adeyemo's allegations. Doc. 193. Former counsel was directed to submit a responsive affidavit to the United States by January 4, 2023. The United States then sought and received two extensions of time to file their responsive brief (Doc. 197, 203), but no extension regarding submission of the affidavit was ordered. Former counsel's affidavit was not received by the United States until February 8, 2023. Adeyemo argues that

because former counsel missed the deadline to file a responsive affidavit, default judgment against the United States is appropriate. Doc. 209. The United States opposes the motion. Doc. 211.

Generally, default judgment in habeas corpus proceedings is inappropriate. Hale v. Lockhart, 903 F.2d 545, 547 (8th Cir. 1990). Under Federal Rule of Civil Procedure 55(d), "[a] default judgment may be entered against the United States . . . only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Here, there is nothing about the delay in the submission of former counsel's affidavit that suggests Adeyemo is entitled to relief. This is a technical error that is minor in nature. To the extent this missed deadline can be considered an error, it was an error committed by a non-party and not the United States. Adeyemo was provided a copy of the affidavit and related exhibits with the United States' response. Doc. 205. Adeyemo has not suffered any prejudice and granting a remedy as extraordinary as habeas relief is not appropriate on these facts. The motion for sanctions and judgment of default is denied.

### D.      Motion for Judicial Notice and Leave to File Extended Reply Brief

Adeyemo asks the Court to take judicial notice of an exhibit purported to show that former counsel provided false information concerning his jail visits with Adeyemo. Doc. 220. Adeyemo also seeks leave to file an extended reply brief. Id. To the extent Adeyemo seeks to file an extended reply brief, the motion is granted, and the Court has considered his reply, corresponding exhibits, and supplemental filings. Doc. 221-22. To the extent Adeyemo is seeking to have the Court take judicial notice of his "Exhibit 1," that is unnecessary, but the Court will consider the document as it would any other exhibit. Accordingly, the motion is denied to the extent it seeks judicial notice of exhibit 1.

V.    <u>**CONCLUSION**</u>

The Court has carefully reviewed the entire record, the parties' filings, and the relevant case law. Except for the two issues identified above, Adeyemo's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 187) is **DENIED**. The issues of whether counsel guaranteed an acquittal, and whether counsel advised Adeyemo to reject a plea agreement and proceed to trial, require an evidentiary hearing.  Pursuant to 18 U.S.C. § 3006A(a)(2)(B), the Clerk of Court is directed to secure counsel for Adeyemo to represent him for the duration of these proceedings.  The United States Marshals Service is directed to transport Adeyemo to Fargo, North Dakota, to consult with his attorney and prepare for the evidentiary hearing. The Court will communicate with the parties to schedule the evidentiary hearing in the coming days.

Additionally, Adeyemo's motion to conduct discovery (Doc. 191) is **DENIED**. The Court **FINDS AS MOOT** Adeyemo's motion to unseal documents (Doc. 201). Adeyemo's motion for sanctions and judgment of default (Doc. 209) is **DENIED**. Adeyemo's motion to take judicial notice and file extended reply brief (Doc. 220) is **GRANTED IN PART AND DENIED IN PART**. Finally, the Court **FINDS AS MOOT** the United States' motion seeking permission to respond to supplemental filings (Doc. 223).

**IT IS SO ORDERED**.

Dated this 3rd day of October, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court